IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ADRIAN WALKER,                          )
                                        )
                Plaintiff,              )
                                        )
v.                                      )  Civil Action No. 03-472-SLR
                                        )
SUSSEX COUNTY PROBATION &               )
PAROLE, GEORGE PEARSON,                 )
SANDY GRANETT, SEAFORD                  )
PROBATION, ERIC FARINA, FIRST )
CORRECTIONAL MEDICAL, SCI,              )
LAW LIBRARY, DIANNE PLUMMER,            )
and CPL KIDD,                           )
                                        )
                Defendants.             )

FILED

JAN 2 8 2004

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**MEMORANDUM ORDER**

The plaintiff, a pro se litigant, has filed this action
pursuant to 42 U.S.C. § 1983 and requested leave to proceed in
forma pauperis pursuant to 28 U.S.C. § 1915.  The Prisoner
Litigation Reform Act ("PLRA") does not apply to this case
because, although the plaintiff is currently incarcerated, he was
not incarcerated at the time he filed this complaint.  See 28
U.S.C. § 1915 (a) and (b).

**I.  STANDARD OF REVIEW**

When reviewing pauper applications, the court must make two
separate determinations.  First, the court must determine whether
the plaintiff is eligible for pauper status pursuant to 28 U.S.C.
§ 1915.  On June 24, 2003, based on the information provided in
the plaintiff's in forma pauperis affidavit, the court concluded
that the plaintiff had insufficient funds to pay the requisite
filing fee and granted his request to proceed in forma pauperis.

On January 9, 2004, the plaintiff filed a second motion to proceed in forma pauperis.  The plaintiff's second request to proceed in forma pauperis is denied as moot.  Second, the court must "screen" the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B).

The United States Supreme Court has held that 28 U.S.C. § 1915(e)(2)(B)'s term "frivolous" when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation," such that a claim is frivolous within the meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989).[1]

When reviewing complaints pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must apply the standard of review set forth in Fed. R. Civ. P. 12(b)(6).  Neal v. Pennsylvania Board of Prob. & Parole, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as appropriate standard for dismissing claim under § 1915A).[2]  Under this standard, the court

---

[1]  Neitzke applied § 1915(d) prior to the enactment of the PLRA.  Section 1915 (e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA.  Therefore, cases addressing the meaning of frivolous under the prior section remain applicable. See § 804 of the PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

[2]  The bases for dismissal under § 1915A are virtually identical to § 1915(e)(2)(B).  Section 1915A(a) requires the court to screen prisoner complaints seeking redress from

must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).  Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  As discussed below, the plaintiff's Section 1983 claims against the all of the defendants have no arguable basis in law or in fact and shall be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

II.  DISCUSSION

   A.  The Complaint

   The plaintiff filed the complaint on May 15, 2003.  The plaintiff's complaint is difficult to understand.  He appears to be alleging that he was released from confinement on March 26, 2003 by Judge Rosemary Beauregard "with no level 3 probation on 3 years."  (D.I. 2 at 3)  It also appears that he was arrested on April 10, 2003 for disorderly conduct. (Id. at 6)  The plaintiff further alleges that he filed an EEOC complaint, however, it is

---

governmental entities, officers or employees before docketing, if feasible and to dismiss those complaints which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief.  Therefore, the court applies the § 1915A standard of review when screening non-prisoner complaints pursuant to § 1915(e)(2)(B).

unclear when he filed the complaint or how it relates to this complaint. (Id.)   On January 9, 2004, he filed an amended complaint alleging that he sent registered mail to this court and filed a grievance, however, he does not indicate what matter the grievance is related to.  He further alleges that he also filed a Social Security Administration ("SSA") disability claim.  He next alleges that no VOP warrants were issued by Dover intake officer Brian Smith or the Georgetown Intake Office from November 7, 2003 to December 23, 2003.  (D.I. 11 at 3)

In the original complaint, the plaintiff requests the following relief: 1) that the court exercise jurisdiction over the State Court; and 2) compensation for "federal obstruction", Fourteenth Amendment violations, and illegal sentencing and confinement.  (D.I. 2 at 4)  In the amended complaint, the plaintiff requests the following relief: 1) $200 per day for time served until release; 2) $25,000 from Seaford Probation for federal obstruction; 3) $25,000 from FCM for negligence regarding vocational rehabilitation counseling and primary care; and 4) $10,000 from Sandy Garnett.  (D.I. 11 at 4)

**B.  Analysis**

To the extent that the plaintiff is challenging the fact or duration of his conviction or sentence, his claim must fail.  His only sole federal remedy challenging the fact of his conviction or duration of his sentence is by way of habeas corpus.  See Preiser v. Rodriquez, 411 U.S. 475 (1973).  Furthermore, a plaintiff cannot recover under § 1983 for alleged wrongful

4

incarceration unless he proves that the conviction or sentence

has been reversed on direct appeal, expunged by executive order,

declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's

issuance of a writ of habeas corpus. See Heck v. Humphrey, 512

U.S. 477, 487 (1994). Here, the plaintiff has not alleged, let

alone proved, that his conviction or sentence was reversed or

invalidated as provided by Heck. Consequently, his current claim

for damages rests on an "inarguable legal conclusion" and is

frivolous. See Neitzke, 490 U.S. at 326. Therefore, the court

shall dismiss the complaint without prejudice pursuant to 28

U.S.C. § 1915(e)(2)(B).

Furthermore, the plaintiff has raised a series of unrelated

vague allegations and does not provide any specific facts to

explain his claims. It has long been established in this circuit

that a complaint under § 1983 must set forth specific facts

regarding the defendant's alleged unconstitutional conduct. See

Darr v. Wolfe, 767 F.2d 79, 80 (3d Cir. 1985) (collecting cases).

In this instance, the plaintiff's complaint is "lacking in

specific facts to support his conclusory claim[s]." Id. at 81.

Consequently, the plaintiff's remaining claims have no arguable

basis in law or in fact and shall be dismissed without prejudice

pursuant to §§ 1915(e)(2)(B).

NOW THEREFORE, at Wilmington this 28th day of January,

2004, IT IS HEREBY ORDERED that:

1.    Plaintiff's second request to proceed in forma pauperis

is **DENIED** as moot.

2.    To the extent that plaintiff is challenging the fact or duration of his conviction and sentence, his claim is frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and is dismissed without prejudice.

3.    To the extent that plaintiff is raising other claims in the complaint, the claims are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

4. The clerk of the court shall mail a copy of this memorandum order forthwith to the plaintiff.

_____
UNITED STATES DISTRICT JUDGE

6