IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ADRIAN WALKER,                    )
                                  )
                Plaintiff,        )
                                  )
v.                                )   Civ. No. 05-168-SLR
                                  )
CITIZENS BANK MANAGER HELEN       )
JOHNSON, and US TREASURY          )
DEPT.,                            )
                                  )
                Defendants.       )

**MEMORANDUM ORDER**

The plaintiff, a <u>pro</u> <u>se</u> litigant, has filed this action pursuant to 42 U.S.C. § 1983 and requested leave to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.

**I.  STANDARD OF REVIEW**

When reviewing pauper applications, the court must make two separate determinations.  First, the court must determine whether the plaintiff is eligible for pauper status pursuant to 28 U.S.C. § 1915.  Based on the information provided in the plaintiff's <u>in forma pauperis</u> affidavit, the court concludes that the plaintiff has insufficient funds to pay the requisite filing fee and grants his request to proceed <u>in forma pauperis</u>.

Second, the court must "screen" the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §

1915(e)(2)(B).  When reviewing complaints pursuant to 28 U.S.C. §
1915(e)(2)(B), the court must apply the standard of review set
forth in Fed. R. Civ. P. 12(b)(6).  See Neal v. Pennsylvania Bd.
of Prob. & Parole, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19,
1997)(applying Rule 12(b)(6) standard as appropriate standard for
dismissing claims under § 1915A).  Thus, the court must "accept
as true the factual allegations in the complaint and all
reasonable inferences that can be drawn therefrom." Nami v.
Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of
Allentown, 987 F.2d 188, 194 (3d Cir. 1993)).  Pro se complaints
are held to "less stringent standards than formal pleadings
drafted by lawyers" and can only be dismissed for failure to
state a claim when "it appears 'beyond doubt that the plaintiff
can prove no set of facts in support of his claim which would
entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521
(1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The United States Supreme Court has held that as used in §
1915(e)(2)(B), the term "frivolous" when applied to a complaint,
"embraces not only the inarguable legal conclusion, but also the
fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319,
325 (1989).[1]  Consequently, a claim is frivolous within the

---

[1]  Neitzke applied § 1915(d) prior to the enactment of the
Prisoner Litigation Reform Act of 1995 (PLRA).  Section 1915
(e)(2)(B) is the re-designation of the former § 1915(d) under the
PLRA.  Therefore, cases addressing the meaning of frivolous under
the prior section remain applicable.  See § 804 of the PLRA, Pub.

meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." Id. As currently presented, the plaintiff's complaint has no arguable basis in law or in fact, and shall be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. DISCUSSION

### A. The Complaint

The plaintiff filed this complaint on March 18, 2005, and alleges as follows:

> April 10th, 2003 arrest and EEOC property.
> (Appendix 6) May 13th, 2003 Sussex County
> CCP sentence and prior false imprisonment
> Nov 7th, 2002. (Contempt) February 19, 2005
> Application to U.S. Supreme Court Justice
> Souter.

(D.I. 2 at 2) The plaintiff requests the following relief:

> Settlement of U.S. Supreme Court Case
> No. 04-8617 pursuant to U.S. Supreme
> Court Rule 29(b) and (17). Please see
> title 44 USC Section 1508 and February
> 19th 2005 document attached to complaint,
> 03-472 memo is also attached.

(Id. at 3) The plaintiff's subsequent filings do not provide the court with any clearer insight into either the purpose of his complaint, or the relief he is seeking. (D.I. 4)

### B. Motion for Recusal

The plaintiff does appear, however, to be requesting that the court be recused from this case. (D.I. 4 at 4) The

L. No. 14-134, 110 Stat. 1321 (April 26, 1996).

plaintiff states in an attachment to his affidavit filed on April 28, 2005 that: "Petitioner finds reassigned Judge (September 03rd, 2003 Case No. 03-472) Sue L. Robinson to be bias and pre-judice [sic] regarding complaint No. 05-168 and U.S. Supreme Court petition No. 04-8617 for certiorari of case No. 03-810." (Id.) The plaintiff fails to cite any authority for his request. Therefore, the court will analyze the request under both 28 U.S.C. §§ 144 and 455. In order to be disqualifying, both § 144 and § 455 require that the alleged bias or prejudice stem from an extrajudicial source. See Liteky v. United States, 510 U.S. 540 (1994). "Extrajudicial source" means a source outside the present or **prior** judicial proceedings. See id. at 555 (emphasis added).

Section 144 requires that a party seeking recusal file a "timely and **sufficient** affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." See 28 U.S.C. § 144 (emphasis added). "Conclusory allegations need not be accepted as true." Jones v. Pittsburgh Nat. Corp., 899 F.2d 1350, 1356 (3d Cir. 1990)(citing United States v. Vespe, 868 F.2d 1328, 1340 (3d Cir. 1989)). In this case, the plaintiff's mere assertion that the court is biased is not sufficient to support his claim. The plaintiff has not presented any facts to support his request. Rather, he appears to base his theory, as well as his request for

4

recusal, not on any tangible evidence, but on the court's decision in <u>Walker v. Sussex County Prob. & Parole</u>, 2004 U.S. Dist. LEXIS 2430 (D. Del. Jan. 28, 2004).

However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." <u>Liteky v. United States</u>, 510 U.S. at 555 (citing <u>United States v. Grinnell Corp.</u>, 384 U.S. 563, 583 (1966)). The Supreme Court explained that judicial rulings "in and of themselves can only in the rarest circumstances evidence the degree of favoritism or antagonism required" to prove bias. <u>Id</u>. The plaintiff's bare allegation that the court is biased against him has no merit, and is insufficient to support his claim for recusal under 28 U.S.C. § 144.

Furthermore, under § 455, "any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. Section 455 requires a judge to raise the issue of bias <u>sua</u> <u>sponte</u>. "Under this section a judge must consider whether a reasonable person knowing all the circumstances would harbor doubts concerning the judge's impartiality." <u>Jones v. Pittsburgh Nat. Corp.</u>, 899 F.2d at 1356 (citing <u>United States v. Dalfonso</u>, 707 F.2d 757, 760 (3d Cir. 1983)). Again, other than his bare allegation, the plaintiff has offered no evidence to support his claim that the court harbors a bias against him.

Consequently, the court finds that no reasonable person, knowing all the circumstances, would harbor doubts concerning its impartiality.

The plaintiff has failed to allege sufficient facts to prove that the court has a personal bias or prejudice against him. Furthermore, the plaintiff has failed to show that a reasonable person, knowing all the circumstances, would harbor doubts concerning the court's impartiality.  Therefore, the court shall deny his request for recusal.

**B.  Analysis**

### 1.  The Plaintiff's Habeas Corpus Claim

In his previous complaint, the plaintiff appeared to be challenging the fact or duration of his conviction and sentence. Walker v. Sussex County Prob. & Parole, 2004 U.S. Dist. LEXIS 2430 at *5.  To the extent that the plaintiff was challenging the fact or duration of his conviction and sentence, the court found that the complaint was frivolous and dismissed the complaint without prejudice.  Id. at *6.

To the extent that the plaintiff is again challenging the fact or duration of his conviction or sentence, his claim must fail.  His only sole federal remedy challenging the fact of his conviction or duration of his sentence is by way of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475 (1973). Furthermore, a plaintiff cannot recover damages under § 1983 for

6

alleged wrongful incarceration unless he proves that the
conviction or sentence has been reversed on direct appeal,
expunged by executive order, declared invalid by a state tribunal
authorized to make such determination, or called into question by
a federal court's issuance of a writ of habeas corpus. See Heck
v. Humphrey, 512 U.S. 477, 487 (1994). Here, plaintiff has not
alleged, let alone proved, that his conviction or sentence was
reversed or invalidated as required by Heck. Consequently, to
the extent that plaintiff is challenging the fact of his
conviction or the duration of his sentence, his current claim for
damages rests on an "inarguable legal conclusion" and is
frivolous. See Neitzke, 490 U.S. at 326. Therefore, the court
shall dismiss this claim without prejudice pursuant to 28 U.S.C.
§ 1915(e)(2)(B).

### 2.  Rule 8 Violations

Even if plaintiff is not challenging the fact of his
conviction, or the duration of his sentence, his complaint shall
be dismissed without prejudice. "Federal Rule of Civil Procedure
8 requires every complaint to include a 'short and plain
statement of the claim showing that the pleader is entitled to
relief' and that 'each averment of a pleading be simple, concise,
and direct.'" Karim-Panahi v. U.S. Congress, U.S. App. LEXIS
14633 *6-7 (D.C. Cir. July 14, 2004)(quoting Fed. R. Civ. P. 8(a)
and 8(e)(1)). The complaint as presented in this case, not only

7

makes it difficult for the defendants to file a responsive pleading, but it also makes it difficult for the court to conduct orderly litigation.  See Crenshaw v. Antokol, 2005 U.S. Dist. LEXIS 5504 * 12 (N.D. Ill. Mar. 29, 2005)(citing Vicom v. Harbridge Merchant Servicers, 20 F.3d 771, 775-76 (7th Cir. 1994)).

The plaintiff's complaint is distinguishable from the complaint in Alston v. Parker, 363 F.3d 229 (3d Cir. 2004).  In that case, the Third Circuit found that the complaint "arguably" complied with Rule 8, but also recognized that it lacked "clarity," and "yielded varied interpretations. Alston v. Parker, 363 F.3d at 234.  In this instance, the plaintiff's claims are too vague to be subject to any coherent interpretation.  Consequently, to the extent that the plaintiff is attempting to raise other claims in his complaint, the plaintiff has not presented a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Therefore, the court shall dismiss these claims without prejudice.

NOW THEREFORE, at Wilmington this _3d_ day of _June_____, 2005, IT IS HEREBY ORDERED that:

1.  The plaintiff's motion to proceed in forma pauperis (D.I. 1) is granted.

2.  The plaintiff's request for recusal (D.I. 4) is denied.

8

3.   To the extent that plaintiff is challenging the fact or duration of his conviction and sentence, his claim is frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), and shall be dismissed without prejudice.

4.   To the extent that plaintiff is raising other claims in the complaint, he has failed to present "short and plain statement of the claim[s] showing that [he] is entitled to relief." Therefore the plaintiff's remaining claims shall be dismissed without prejudice pursuant to Fed. R. Civ. P. 8(a)(2).

5.   The clerk of the court shall mail a copy of this memorandum order forthwith to the plaintiff.


_____
UNITED STATES DISTRICT JUDGE